O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| EMERSON BELL | ) | CASE NO. ED CV 09-02088 GHK (RZ) |
| Petitioner, | ) | |
| vs. | ) | ORDER SUMMARILY DISMISSING ACTION |
| STATE OF CALIFORNIA, | ) | |
| Respondents. | ) | |

The Court will dismiss the action summarily, for Petitioner plainly states no valid claim – and the claim that he would assert, the Court surmises, is far from ripe.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

Petitioner states no claim, in the most literal sense. In the section of the form petition captioned for Grounds For Relief, Petitioner writes, under "Ground One," simply "See federal statutes for sentencing guidelines." Under "Ground Two," he advises the Court to "See original transcripts of proceedings" and "see federal statutes." This is far

afield from stating a short, plain statement indicating Petitioner's entitlement to relief. *See generally* FED. R. CIV. P. 8. The Court will not write Petitioner's petition for him.

Moreover, Petitioner's next statement strongly indicates that amendment of the initial petition cannot save the action from dismissal. He states, "New issue based on federal order of release, Overcrowding." Presumably Petitioner has heard the rumblings from a special three-judge panel in *Coleman v. Schwarzenegger*, No. CIV S-90-0520 LKK JFM P [*sic*], slip op., 2009 WL 2430820 (E.D. Cal. Aug. 4, 2009), indicating the state prison system may be ordered to release a substantial percentage of its inmates due to allegations of overcrowding and poor conditions. But Petitioner is jumping the gun, for *Coleman* is not yet final. The panel's August 4, 2009 order required the state to present a plan for releasing a substantial proportion of "low-risk, nonserious, nonviolent offenders" within 45 days. The State filed its plan on September 18, 2009, but the *Coleman* panel rejected that plan on October 21, 2009 and ordered the State to provide another one. The State did so under protest on November 12, 2009, and the *Coleman* panel has not yet responded to that plan.

Even if *Coleman* were final, moreover, it is far from clear that Petitioner, whose petition indicates that he is serving a "Third Strike" life sentence, would be one of its beneficiaries. Thus, even if Petitioner had written his claim adequately, it would be unripe.

Accordingly, IT IS ORDERED that the Petition is DISMISSED.

DATED: 11/19/09

　　　　　　　　　　　　　　　　　　　／s／
　　　　　　　　　　　　　　　　　　GEORGE H. KING
　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

Presented By:

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE